## Dickinson Estate

*Samuel Fessenden,* for accountants.

KLEIN, ADM. J., February 17, 1972.—The reason for filing the present account is the resignation on August 26, 1971, of George E. Harrison as cotrustee, and the death on November 10, 1971 of Frederick W. Morris, 3rd, cotrustee, the latter event occurring after the account was filed. . . .

The resignation of George E. Harrison as cotrustee is by writing dated August 26, 1971, a copy of which is annexed. Item TENTH of the will provides in pertinent part:

"It is my desire that the trusts created under this my Will shall at all times be administered by three Trustees, of which one shall be a trust company in good standing in the City of Philadelphia, and two shall be individuals. Should a vacancy occur at any time among the Trustees through death, resignation, illness, unwillingness to serve, or any other reason, such vacancy shall be filled by the surviving or remaining individual Trustee or Trustees by a writing filed with the corporate Trustee and a copy thereof filed with the Clerk of the Orphans' Court of Philadelphia County. In the event that there shall be no individual Trustee surviving or remaining at the time of such vacancy or vacancies, such appointment or appointments shall be made in writing by those beneficiaries who at that time shall be entitled to receive a majority in amount of the income under the terms of the said trusts and who shall have attained their majority."

When George E. Harrison resigned as cotrustee, the remaining individual cotrustee, Frederick W. Morris, 3rd, did not fill the vacancy as testator had directed. The duty to do so now devolves on the income beneficiary, Mildred D. Dickinson, who by writing dated January 11, 1972, has waived any right she may have to appoint substitute individual cotrustees. The accountants take the position that the provision in item TENTH of the will for the appointment of substitute trustees is only precatory and not mandatory and that since the life beneficiary is 86 years of age and the assets in this trust are currently valued at only about $6,000, cotrustees need not be appointed.

Although the auditing judge may not agree with the

construction of item TENTH of the will adopted by the accountants, it is apparent that if substitute individual cotrustees are to be appointed, such appointments will have to be made by the court. Section 901 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.901, gives the court the discretion to make such appointments. In the exercise of that discretion, giving due consideration to the unusual facts in this case, the auditing judge has determined that the addition of two individual cotrustees at this time is neither necessary nor desirable and no such appointments will be made. . .

And now, February 17, 1972, the account is confirmed nisi.